UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>1) Francisco Javier **TRAPERO-Felix,**<br>2) Francisco Javier **TRAPERO-Olguin**<br>3) Juan Manuel **SUAZO-Martinez**<br>Defendant(s) | Magistrate Case No. 2008 AUG 18 PM 12:04<br>'08 MJ 2550<br>AMENDED<br>COMPLAINT FOR VIOLATION OF:<br>BY _____ DEPUTY<br><br>Title 8 U.S.C., Sec. 1324 (a)(1)(A)(ii)<br>Transportation of Illegal<br>Aliens<br><br>Title 8, U.S.C., Section 1326<br>Deported Alien Found in the<br>United States |

The undersigned complainant, being duly sworn, states:

### COUNT 1

On or about **August 15, 2008,** within the Southern District of California, defendants **Francisco Javier TRAPERO-Felix, Francisco Javier TRAPERO-Olguin and Juan Manuel SUAZO-Martinez** the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Rogaciano MELGAREJO-Rosas, Chrisoforo ORTEGA-Espinoza,** and **Godofredo BARRALES-Velles** had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

### COUNT 2

On or about **August 15, 2008,** within the Southern District of California, defendant, **Juan Manuel SUAZO-Martinez,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico,** was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **18th** DAY OF **AUGUST 2008.**

Barbara L. Major
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Francisco Javier TRAPERO-Felix
Francisco Javier TRAPERO-Olguin
Juan Manuel SUAZO-Martinez

JDPA

## AMENDED PROBABLE CAUSE STATEMENT

Furthermore, the complainant states that **Rogaciano MELGAREJO-Rosas, Chrisoforo ORTEGA-Espinoza, and Godofredo BARRALES-Velles** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On August 15, 2008, Custom and Border Protection Marine Interdiction Agents J. Ward and K. Goland along with Border Patrol Agent M. Struve were patrolling in a Customs and Border Protection vessel near the shore off Imperial Beach, California. At approximately 12:45 AM, the United States Coast Guard (USCG) notified them that there were two radar contacts approximately 500 yards off-shore and north of the United States/Mexico International Boundary. The USCG confirmed one vessel was heading northbound. At 12:50 AM, Agent Ward observed a vessel with no lights at global position 32.33.06N and 117.08.7W in United States territorial waters. Agent Ward maneuvered his service vessel into a position to approach the targeted vessel in an attempt to stop it from continuing northbound. Agent Ward hailed the target vessel using lights and sirens but it failed to heave. The target vessel continued to travel northbound. The target vessel turned sharply into the path of the service vessel and abruptly stopped. At approximately 12:55 AM, agents Ward and Struve boarded the vessel and identified themselves as federal agents with Customs and Border Protection and questioned all occupants on the target vessel as to their citizenship and nationality. All 16 occupants including one later identified as the driver of the target vessel, defendant **Francisco Javier TRAPERO-Felix** stated that they were citizens and nationals of Mexico without legal Immigration documents allowing them to enter or remain in the United States legally. All subjects were placed under arrest and transported to the Imperial Beach Border Patrol Station for further processing.

After routine interviews with all other subjects in the group by Smuggling Interdiction Group (SIG) Border Patrol Agents, there was reasonable suspicion that there were several subjects in the group working as smugglers on this event, smuggling illegal aliens into the United States for monetary gain.

The driver of the vessel, defendant **Francisco Javier TRAPERO-Felix** who first identified himself as **Baldemar VERDUGO-Jimenez**, was suspected of working as a smuggler on this event for monetary gain. His son, defendant **Francisco Javier TRAPERO-Olguin** was also suspected of working as a smuggler on this event for monetary gain.

Another defendant, **Juan Manuel SUAZO-Martinez** was later suspected of working as a smuggler on this event for monetary gain.

## STATEMENT OF DEFENDANT 1:

Defendant **Francisco Javier TRAPERO-Felix** was advised of rights as per the Miranda Warning. The defendant understood his rights and agreed to be interviewed without representation. The defendant admits to being a citizen of Mexico illegally present in the United States. On August 15, 2008 he entered the United States illegally on a boat off the coast of California. During his interview the defendant claimed his name was Baldemar VERDUGO-Jimenez. He later recanted to his true name of Francisco Javier TRAPERO-Felix, after his son revealed it during his interview.

CONTINUATION OF COMPLAINT:
Francisco Javier TRAPERO-Felix
Francisco Javier TRAPERO-Olguin
Juan Manuel SUAZO-Martinez

## STATEMENT OF DEFENDANT 2:

Defendant **Francisco Javier TRAPERO-Olguin** was advised of his rights as per the Miranda Warning. The defendant understood his rights and agreed to be interviewed without representation. The defendant admits to being a citizen of Mexico illegally present in the United States. He admitted to crossing into the United States illegally on Thursday, August 14, 2008, at approximately 11:15 PM, on a boat in the ocean. He stated that he knows it is against the law to enter the United States illegally.

Defendant admits that he was working for a smuggler named El Gordo who owns the nineteen foot boat he was apprehended in. El Gordo told him and his father, Francisco Javier TRAPERO-Felix, to cross the boat with people in it. He and his father were to be paid $1000.00 each. They had smuggled people in the same boat the night before. The defendant admits to using a Nextel radio for communicating with someone on the shore who would direct them where to land. The defendant dropped the radio in the water when their boat was approached by the Marine Interdiction Unit.

## STATEMENT OF DEFENDANT 3:

Defendant **Juan Manuel SUAZO-Martinez** was advised of his rights as per the Miranda Warning. The defendant admits that he understood his rights and agreed to be interviewed without representation. The defendant admits that he is a citizen and national of Mexico illegally present in the United States. He admits that he was removed from the United States on two previous occasions. Because of his criminal record he knew he could get into trouble if returned to the United States, but his mother insisted that he live her and she resides in San Jose, California. She made arrangements for him to be smuggled into the United States.

Routine record checks of the defendant revealed an extensive criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official records of the Department of Homeland Security reveal the defendant was previously deported to Mexico on May 31, 2000 through San Ysidro, California.

These same records show that the defendant has not applied for permission from the Attorney General, or his designated successor, The Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant identified defendant Francisco Javier TRAPERO-Felix as the driver of the boat through a photographic line-up.

## STATEMENT OF MATERIAL WITNESSES:

Material witnesses **Rogaciano MELGAREJO-Rosas, Chrisoforo ORTEGA-Espinoza, and Godofredo BARRALES-Velles,** admit to being citizens of Mexico illegally present in the United States.

MELGAREJO stated he was to pay $ 3500.00 U.S.D., BARRALES stated his friend was to pay $2000.00 U.S.D. and ORTEGA stated that his friend was to pay $15,000.00 pesos for them to be smuggling into the United States. The group was taken to Popotla Beach near Rosarito, Baja California. When the group arrived at the beach all three defendants were waiting for them. Then they were put in two boats. The two boats later met out at sea where passengers were transferred onto their boat. The second boat turned back south.

Defendant TRAPERO-Olguin (the boat pilot) told the smuggled aliens that if they were caught to not say anything to the officers. TRAPERO-Olguin also advised the group that they would be in United States waters as they passed a light house on the Mexican side. Defendant SUAZO helped load the aliens onto the boat when they were on the Mexican side. SUAZO also added gas to the motor before departure. SUAZO also helped by keeping an eye on the group. Subject TRAPERO-Felix was the navigator of the boat and tried to jump in the middle of the group when they were approached by the Marine Interdiction Group. MEGAREJO said that it was too late because they had shined a spot light on TRAPERO-Felix and the officers had seen him navigating the boat. Before agents boarded the boat, TRAPERO-Olguin was seen by MELGAREJO tossing the radio overboard.

MELGAREJO said that he overheard TRAPERO-Olguin tell someone on shore via the radio that they were almost there and to be ready to shine a light to let them know when they were in the right area.

From a photographic line-up MELGAREJO, BARRALES, and ORTEGA identify the pilot of the boat as defendant Francisco Javier TRAPERO-Felix. They identified a helper in the boat as defendant Francisco Javier TRAPERO-Olguin. MEGAREJO also identifies defendant Juan Manuel SUAZO-Martinez as another helper among the defendants.